IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL LOWERY                          *
                    Plaintiff,
        v.                              *    CIVIL ACTION NO. DKC-05-2986

OFFICER WILSON JR., et al.              *
                    Defendants.
                                        ***

## MEMORANDUM

I.    Background

Plaintiff's 42 U.S.C. § 1983 Complaint for declaratory and injunctive relief and compensatory and punitive damages alleges that on April 1, 2005, he was being escorted from his cell to segregation recreation activities when Western Correctional Institution ("WCI") Officer Wilson directed the escort officers to take him back to his cell.[1] Compl. at 2.   Plaintiff states that he commented on the escort procedure and its effect on his ability to recreate for the full one-hour period.   He alleges that in response to his comment, Officer Wilson "roughly" pushed him, rammed him into the side doorway of a prison corridor and a strip search cage, placed his hands around Plaintiff's neck, and shoved him into a wall several times.   *Id*. at 2-4.  Plaintiff further claims that Officer Wilson threatened him with further assault if he opened up his mouth again.[2]  *Id*. at 3.  He asserts that he was returned to his cell "badly beaten," suffering from bruises about his neck, shoulder, arms, back, head, and eye.[3]  *Id*.

---

[1]    Officer Wilson is the only named defendant.

[2]    In a supplement Plaintiff asserts that as a consequence of the assault, inmates who witnessed the incident began to flood the tier in protest.  Compl. at 4.  He states that Officer in Charge Thompson turned off all the plumbing.  *Id*.

[3]    In a supplement to the Complaint, Plaintiff identifies several officers and inmates who witnessed the alleged assault and his injuries.   Paper No. 16.  He further claims that he was denied medical attention after the incident.  *Id*.

II.  Dispositive Filings

Defendant Wilson filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which remains unopposed as of the within signature date.[4]  Paper No. 22.  The case is ready for the Court's consideration.  Oral hearing is not necessary.  See Local Rule 105.6. (D. Md. 2004).  For reasons to follow, Defendant Wilson's dispositive filing, treated as one for summary judgment, shall be granted.

III.  Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

---

[4]      Plaintiff was mandatorily released from WCI on February 24, 2006. Paper No. 19 & Paper No. 22, Ex. 9. The record reflects that Defendant's dispositive motion and the Clerk's notification of the dispositive filing were served on Plaintiff at the home address he provided to this court.

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

A claim of excessive force raised by a prison inmate against a correctional officer requires subjective and objective scrutiny of the officer's actions.  *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996).  The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).  The objective element is analyzed to determine whether the officer's actions were harmful enough to offend contemporary standards of decency.  *See Hudson*, 503 U.S. at 8.  Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.  While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used.  *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury

sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind.")[5]

IV.   Analysis

The following facts are presented by Defendant.  While working the control center of the disciplinary/administrative segregation unit at WCI on April 1, 2005, Defendant noticed that as Plaintiff was being escorted for his disciplinary segregation recreation period, he was attempting to manipulate his handcuffs.  Paper No. 22, Ex. 1, Wilson Decl.  Defendant affirms that he approached Plaintiff on the tier to inform him that he and Officer Zais were going to search him prior to his recreation period.  *Id*.  Plaintiff was escorted to the unit's property room where a strip search was conducted.  No contraband was found, but Defendant maintains that because Plaintiff was "disruptive and disrespectful" to him and Officer Zais, his recreation period was terminated and he was escorted back to his cell.  *Id*.  Defendant states that due to the minor nature of the incident, no documentation was prepared.  *Id*.  He affirms that neither he nor Officer Zais assaulted or threatened to assault Plaintiff.[6]  *Id*., Ex. 1, Wilson Decl. & Ex. 2, Zais Decl.

On or about 9:00 a.m. on April 1, 2005, Plaintiff reported the alleged incident to the tier officer on the 8-4 shift.  *Id*., Ex. 3.  Plaintiff was then interviewed by Sgt. McIntyre and spoken to by Lt. Natale when he was sent to the medical department.  *Id*., Exs. 3 & 4.  He was evaluated and

---

[5]      When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident.  *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.

[6]      Officer Thompson maintains that he has no first-hand knowledge of the alleged events, as he was not assigned to the segregation housing unit on the day in question.  Paper No. 22, Ex. 10, Thompson Decl.

photographed in the medical department at approximately 11:00 a.m.  *Id*., Exs. 4 & 5.  Plaintiff was

placed on administrative segregation pending investigation and an attempt to move him to another

tier to avoid contact with the 12-8 shift was unsuccessful due to Plaintiff's non-compliance.  *Id*., Ex.

4 & 6.  Plaintiff provided a written statement regarding the alleged incident that same date.  *Id*., Ex.

7.

According to the medical record, Plaintiff was examined by medical staff approximately 10

hours after the alleged incident.  He asserted that "the police beat me up last night....he just doesn't

like me."  *Id*., Ex. 8.  Plaintiff's vital signs were normal, his gait was  steady, and no acute distress

was noted.  *Id*., Ex. 8.  He voiced subjective complaints of left shoulder and left-sided neck pain

from allegedly hitting a wall, but medical staff found  no ecchymosis, swelling, or deformity to those

areas.  Paper No. 22, Ex. 8.  Plaintiff further complained of scratches to his right forearm from the

"cage."  *Id*.  Medical personnel described the scratches as "minuscule" and no bleeding was noted.

*Id*.  Finally, Plaintiff also reported hitting his head twice on the wall.  *Id*.  Three superficial abrasions

described as "minuscule" were noted to his left temple area and left cheek.  *Id*.  No swelling or

bruising was noted and Plaintiff's range of motion was within normal limits.  *Id*.  He denied having

a headache, dizziness, or loose teeth.  *Id*.  Plaintiff was given Tylenol.  *Id*.  The nurse advised him

to return to the clinic if needed but indicated that no further treatment was needed at that time.  *Id*.

Plaintiff's Complaint, submitted under penalty of perjury, alleges that Defendant pushed,

shoved, and rammed him into walls, and then placed him in a choke hold.  Defendant and Officer

Zais, who acknowledges that he was present during the escort, deny any assaultive or threatening

behavior, and affirm that Plaintiff became "disruptive" and "disrespectful" during a strip search

which Defendant states was conducted when it appears that Plaintiff was attempting to manipulate

his handcuffs.  While Plaintiff provides no rebuttal to Defendant's Declarations, the record does

show that he made a complaint and filed a report about the 1:00 a.m. incident when the 8-4 shift came on duty on April 1, 2005.  The complaint and report echo the primary allegations raised here. There is therefore a genuine factual dispute regarding the events that precipitated the contact among the parties and what and why force, if any, was applied by Defendant.

The court nonetheless finds that Plaintiff has failed to present evidence of a constitutional violation regarding the use of excessive force.   Plaintiff was seen by medical personnel within 12 hours of the alleged incident.  The only objective injuries noted by medical personnel involved "minuscule" scratches on Plaintiff's right forearm and "minuscule" abrasions to his left temple and cheek.   Plaintiff's subjective claim of bruising and serious injury is belied by the medical record which shows no such injuries arising out of the alleged April 1, 2005 incident.   He has failed to come forward with opposition materials, including affidavit or the like, to establish that he sustained more than the injuries documented in the record.  There are no medical records which show that Plaintiff's physical injuries, if any, required any follow-up medical care.  The injuries are, to the extent they existed, *de minimis* in nature, and are not indicative of the use of excessive force.

IV.  Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendant and against Plaintiff.  A separate Order follows.


Date:____4/27/06_____                _____/s/_____
                                          DEBORAH K. CHASANOW
                                          United States District Judge